IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KE KAILANI PARTNERS, LLC, | ) | CIVIL 13-00347 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KE KAILANI DEVELOPMENT, LLC, | ) | |
| a Hawaii limited liability | ) | |
| company; MICHAEL J. FUCHS, | ) | |
| Individually; DIRECTOR OF | ) | |
| FINANCE, REAL PROPERTY | ) | |
| DIVISION, COUNTY OF HAWAII; | ) | |
| KE KAILANI COMMUNITY | ) | |
| ASSOCIATION; THE ASSOCIATION | ) | |
| OF VILLA OWNERS OF KE | ) | |
| KAILANI; MAUNA LANI RESORT | ) | |
| ASSOCIATION; JOHN DOES 1-50; | ) | |
| JANE DOES 1-50, DOE | ) | |
| PARTNERSHIPS 1-50; DOE | ) | |
| CORPORATIONS 1-50; DOE | ) | |
| LIMITED LIABILITY COMPANIES | ) | |
| 1-50; DOE ENTITIES 1-50; AND | ) | |
| DOE GOVERNMENTAL UNITS 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND
GRANTING AOAO'S JOINDER IN: PLAINTIFF
<u>KE KAILANI PARTNERS, LLC'S MOTION FOR REMAND</u>**

Before the Court is Plaintiff Ke Kailani Partners, LLC's ("Plaintiff") Motion for Remand ("Motion"), filed on July 30, 2013. [Dkt. no. 5.] On August 20, 2013, Mauna Lani Resort Association, Ke Kailani Community Association, and the Association of Villa Owners of Ke Kailani (collectively, "AOAO") filed their joinder in the Motion ("Joinder"). [Dkt. no. 12.] Ke Kailani Development LLC ("Ke Kailani") and Michael Fuchs

("Fuchs," collectively, "KKD") filed their Memorandum in Opposition on September 17, 2013, and Plaintiff filed its Reply on September 23, 2013.  [Dkt. nos. 16, 21.]

This matter came on for hearing on October 7, 2013. Appearing on behalf of Plaintiff was Sharon Lovejoy, Esq., and appearing on behalf of AOAO was Ramona Laree McGuire, Esq. Appearing on behalf of KKD was Gary Dubin, Esq.  After careful consideration of the Motion and Joinder, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion is HEREBY GRANTED, and AOAO's Joinder is HEREBY GRANTED, for the reasons set forth below.

## BACKGROUND

Plaintiff asserts that several banks ("Lenders") granted Ke Kailani a loan with an original modified principal balance of $52,152,500 (the "Loan").  The Loan was secured by, *inter alia*, Ke Kailani's interest in certain real property located at the Mauna Lani resort on the Island of Hawai'i, known as, "Ke Kailani" (the "Property").  With respect to the Loan, Ke Kailani was the borrower and Fuchs was the guarantor.  [Mem. in Supp. of Motion at 4-5.]

The instant foreclosure action arose out of KDD's default on the Loan.  The Lenders filed their Complaint in the State of Hawai'i Circuit Court of the First Circuit ("state

court") on October 27, 2009 ("Foreclosure Action").[1]  [Motion, Decl. of Sharon V. Lovejoy ("Lovejoy Decl."), Exh. A at 1.[2]]  After a series of transactions during the pendency of the Foreclosure Action, Plaintiff obtained an assignment of the Lenders' interests with respect to the Loan, and completed the foreclosure on the Property.

Plaintiff asserts that, in the Foreclosure Action, the state court accepted Plaintiff's credit bid of $10 million, and entered an order granting Plaintiff's motion for, *inter alia*, confirmation of sale.  [Mem. in Supp. of Motion at 5 (citing Lovejoy Decl., Exh. D).]  On April 23, 2012, the state court entered a deficiency judgment in favor of Plaintiff and against KKD in the amount of $21,594,688.55, plus post-judgment interest ("Deficiency Judgment").  [Id. at 5-6 (citing Lovejoy Decl., Exh. E).]  Plaintiff contends that the Deficiency Judgment is currently on appeal before the State of Hawai'i Intermediate Court of Appeals ("ICA").  [Id. at 6 (citing Lovejoy Decl., Exh.

---

[1] The Foreclosure Action pertains to Ke Kailani Partners, LLC v. Ke Kailani Dev. LLC, et al., Civil No. 09-1-2523-10 (BIA) (Foreclosure), in state court.  The Foreclosure Action also involves Counterclaims, a Third-party Complaint, and a Fourth-Party Complaint.  These pleadings, however, were not attached to the Notice of Removal.

[2] Exhibit A is a copy of the Document List in the Foreclosure Action.  The Document List consists of multiple documents that are not consecutively paginated.  The page numbers in this Court's citations to the Document List refer to the pages of Exhibit A as they appear in the cm/ecf system.

F).]

On April 1, 2013, KKD filed, *inter alia*, a motion for stay pending appeal with the state court ("Stay Motion"). [Id. (citing Lovejoy Decl., Exh. A at 28, Exh. H).] In Plaintiff's opposition to the Stay Motion ("Stay Opposition"), filed April 22, 2013, Plaintiff argued that the state court should only grant the Stay Motion if KKD posted a supersedeas bond to secure the full amount owed under the Deficiency Judgment. [Id. at 7 (citing Lovejoy Decl., Exh. I at 29).]

On May 14, 2013, the state court issued a minute order stating that the stay was conditioned upon KKD posting a supersedeas bond in the amount of just under $26 million, and denying all other requested relief. [Id. (citing Lovejoy Decl., Exh. J).] On May 31, 2013, KKD filed objections to the minute order ("Objections to Proposed Order"), one of which was that the supersedeas bond amount should not exceed $1 million because, pursuant to Haw. Rev. Stat. § 607-26(2), KKD is a "'small business concern[].'" [Id. (quoting Lovejoy Decl., Exh. K at 5).] KKD therefore asked the state court for affirmative relief and that the supersedeas bond not exceed $1 million. On June 12, 2013, Plaintiff filed its response to KKD's Objections to Proposed Order ("Response to Objections to Proposed Order"). [Id. at 8 (citing Lovejoy Decl., Exh. L).] On July 10, 2013, the state court entered a written order with respect to the Stay

Motion, in which it conditioned the stay pending appeal upon KKD posting a supersedeas bond in the amount of $25 million, and denied all other requested relief. [Id. (citing Lovejoy Decl., Exh. M).]

KKD filed the Notice of Removal on July 15, 2013, based on federal question jurisdiction. [Notice of Removal at 4.]

## STANDARD

### I. Remand

KKD removed the instant case pursuant to 28 U.S.C. §§ 1441, and 1446. [Id.] Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

## DISCUSSION

**I. AOAO's Joinder**

AOAO filed the Joinder pursuant to Fed. R. Civ. P. 7(b) and Local Rule 7.9. [Joinder at 4.] Local Rule 7.9 states, in pertinent part:

> Except with leave of court based on good cause, any substantive joinder in a motion or opposition must be filed and served within seven (7) days of the filing of the motion or opposition joined in. "Substantive joinder" means a joinder based on a memorandum supplementing the motion or opposition joined in. If a party seeks the same relief sought by movant for himself, herself, or itself, the joinder shall clearly state that it seeks such relief so that it is clear that the joinder does not simply seek relief for the original movant. A joinder of simple agreement may be filed at any time.

As an initial matter, the Court notes that AOAO did not file the Joinder within seven days of the filing of the Motion. Thus, the Court construes AOAO's Joinder as a joinder of simple agreement. See Local Rule LR7.9. Insofar as AOAO merely stated agreement with Plaintiff that the Court should remand the instant action, this Court GRANTS AOAO's Joinder.

**II. Timeliness of Removal**

KKD filed the Notice of Removal on July 15, 2013. Plaintiff argues that, pursuant to the thirty-day removal period in § 1446, KKD should have filed for removal by May 22, 2013, at the latest. Plaintiff therefore asserts that the Notice of Removal was untimely. [Mem. in Supp. of Motion at 10-11.] KKD contends that the Ninth Circuit's decision in Roth v. CHA

Hollywood Medical Center, L.P., 720 F.3d 1121 (9th Cir. 2013), announced on June 27, 2013, triggered the start of the removal period.  Alternatively, KKD also contends that Plaintiff's filing of its Response to Objections to Proposed Order on June 12, 2013 was the triggering event.  If so, KKD timely filed the Notice of Removal within the thirty-day removal period, excluding the weekend during which KKD received the Objections to Proposed Order by mail.  [Mem. in Opp. at 7-8.]

> Section 1446 provides, in relevant part:
>
> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> . . . [I]f the case stated by the initial pleading is not removable, notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1), (3).

> This district court has stated:
>
> Section 1446 provides two thirty-day periods during which a defendant may remove an action. The first thirty-day requirement "only applies if the case stated by the initial pleading is removable on its face." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2000). . . . The second thirty-day requirement, which applies where no grounds for removal are evident from the initial pleading, occurs "thirty days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which

> it may be first ascertained that the case is one which is or has become removable." Id.

Rossetto v. Oaktree Capital Mgmt., LLC, 664 F. Supp. 2d 1122, 1128 (D. Hawai'i 2009).

> Further,
>
> [t]he document that triggers the thirty-day removal period cannot be one created by the defendant. See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996) (holding that an affidavit executed by the defendant's attorney did not commence the removal period because it did not arise from a voluntary act by the plaintiff); see also Smith v. Int'l Harvester Co., 621 F. Supp. 1005, 1007 (D. Nev. 1985) (noting that answers to interrogatories or depositions by *plaintiffs* may constitute "other paper" under 28 U.S.C. § 1441(b)). Indeed, "a court must take note that the 'amended pleading, motion, order or other paper' must derive from 'either the voluntary act of the plaintiff in the state court, or other acts or events not the product of the removing defendant's activity.'" Smith, 621 F. Supp. at 1007 [(quoting Potter v. Carvel Stores of N.Y., Inc., 203 F. Supp. 462, 467 (D. Md. 1962), *aff'd*, 314 F.2d 45 (4th Cir. 1963))].

Id. at 1129 (emphasis in Rosetto).

Although KKD relies on Roth, it is distinguishable from the instant case because Roth concerned the time limits for removal based on diversity jurisdiction, 720 F.3d at 1126, whereas KKD's removal was based on federal question jurisdiction. The Court finds that, insofar as Roth is inapplicable to the instant action, it did not trigger the thirty-day removal period.

The only other event that KKD asserts triggered the removal period is Plaintiff's filing of its Response to

Objections to Proposed Order on June 12, 2013, which Plaintiff filed in connection with the Stay Motion in the Foreclosure Action.  KKD argues that, in its Response to Objections to Proposed Order, Plaintiff contested KKD'S purported federal issue for the first time, thereby triggering the removal period.  [Mem. in Opp. at 8.]  Plaintiff, however, had previously filed its Stay Opposition on April 22, 2013, in which Plaintiff argued that the state court should only grant the Stay Motion if KKD posted a supersedeas bond between 150 and 200% of the nearly $21.6 million owed under the Deficiency Judgment.  [Mem. in Supp. of Motion at 7 (citing Lovejoy Decl., Exh. I at 29).]  Thus, insofar as Plaintiff's Stay Opposition sought a supersedeas bond amount in excess of $1 million, the Court finds that KKD could have first ascertained the basis of the Notice of Removal as early as April 22, 2013.  The Court therefore concludes that Plaintiff's filing of its Response to Objections to Proposed Order did not trigger the removal period, and that KKD did not timely file the Notice of Removal.

### III. Federal Question Jurisdiction

The Court also notes that, even assuming *arguendo* that the removal was timely, federal question jurisdiction does not exist in this case.  Plaintiff argues that, in determining whether federal law creates a cause of action so as to confer federal question jurisdiction, a federal district court is

limited to the claims asserted in the plaintiff's complaint or pleadings.  [Id. at 14.]  According to Plaintiff, KKD contends that Haw. Rev. Stat. § 607-26, which sets forth limitations on supersedeas bonds, raises a federal question because it refers to Haw. Rev. Stat. § 210-1 for the definition of "small business concern."  Section 210-1 defines "small business concern" as "the business concerns that are defined in the Small Business Act, as amended (P.L. 87-367) and classified by the [Small Business Administration of the United States Government] in its size standards."  [Id. at 17.]  Plaintiff asserts that, although § 210-1 references federal law for the definition of "small business concern," such a reference is insufficient to confer federal question jurisdiction.  [Id.]

     KKD argues that the determination as to whether KKD qualifies as a "small business concern," as defined in the federal Small Business Act, is essential to setting the supersedeas bond amount.  [Mem. in Opp. at 5.]  KKD asserts that, because "small business concern" is defined by federal law, federal question jurisdiction exists, and federal district courts have exclusive jurisdiction to make this determination.  [Id. at 6.]  KKD contends that qualification as a "small business concern" is a substantial federal question that "undergirds" Plaintiff's request for a supersedeas bond amount in excess of $1 million pursuant to § 607-26.  [Id. at 13.]

>Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." Peabody Coal [Co. v. Navajo Nation], 373 F.3d [945,] 949 [(9th Cir. 2004)] (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated. Vaden v. Discover Bank, 556 U.S. 49, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).

K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011).

>This district court has stated:
>
>Although the well-pleaded complaint rule focuses on the "face" of the complaint, "[c]laims brought under state law may 'arise under' federal law if vindication of the state right necessarily turns upon consideration of a substantial question of federal law, i.e., if federal law is a necessary element of one of the well-pleaded claims." Ultramar America Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) (citation omitted).

Pressman v. Merdian Mortg. Co., 334 F. Supp. 2d 1236, 1240 (D. Hawai'i 2004) (footnote omitted).

Both parties acknowledge that the Complaint in the Foreclosure Action did not assert a cause of action under federal law. [Mem. in Supp. of Motion at 15; Mem. in Opp. at 4.] In fact, KKD asserts that the purported federal question only arose **after** the state court entered the Deficiency Judgment. [Mem. in

Opp. at 4 (emphasis added).] Further, even assuming, *arguendo*, that the determination of whether KKD qualifies as a "small business concern" is essential to setting the supersedeas bond amount, the Small Business Act is not a necessary element of one of the well-pleaded claims in the Complaint. Thus, the instant action does not satisfy the well-pleaded complaint rule, does not arise under federal law, and federal subject matter jurisdiction does not exist in this case.

**IV. KKD's Motion to Stay**

KKD requests that, if this Court is inclined to remand, it should stay the ruling so KKD can appeal to the Ninth Circuit. [Mem. in Opp. at 32.] Plaintiff contends that, in making this request, KKD is merely trying to evade the statutory bar to appealing an order for remand. [Reply at 16 (citing 28 U.S.C. § 1447(d)).] This Court agrees.

Section 1447(d) provides, in relevant part: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." The Ninth Circuit has stated, "[t]here is no question . . . that § 1447(d) only applies to cases remanded pursuant to § 1447(c), where there is a defect in the removal procedure or 'the district court lacks subject matter jurisdiction.'" City & Cnty. of S.F. v. PG & E Corp., 433 F.3d 1115, 1121 (9th Cir. 2006) (quoting 28 U.S.C. § 1447(c); see also Arnold v. State Farm Fire & Cas. Co., 277

F.3d 772, 775 (5th Cir. 2006) ("No appeal lies from a remand ruling, no matter how erroneous, which is actually predicated on lack of federal subject matter jurisdiction.").

To the extent that the basis of remand in the instant action is the lack of federal subject matter jurisdiction, any review of this Court's decision to remand is barred under § 1447(d). Thus, KKD's request for stay is HEREBY DENIED, and the Court HEREBY GRANTS Plaintiff's Motion as to remand.

### V.     Allegations of Impropriety Against Foreclosure Action Judge

KKD dedicates a significant portion of the Memorandum in Opposition to allegations of impropriety on the part of state court judge who presided over the Foreclosure Action, Bert I. Ayabe ("Judge Ayabe"). [Mem. in Opp. at 16-32.] KKD argues that remand of the instant action to the state court would result in the denial of KKD's due process rights, "specifically [KKD's] right to a neutral judge free of appearances of impropriety." [Id. at 16.] Insofar as this Court has concluded that federal jurisdiction does not exist in this case, and KKD contends that the issues regarding Judge Ayabe's alleged improprieties are currently pending review before the ICA, [id. at 31,] the Court declines to address KKD's allegations against Judge Ayabe.

In addition, this Court notes that KKD asks this Court to conduct what is effectively an appellate view of Judge Ayabe's decisions. The Rooker-Feldman doctrine prevents this Court from

ruling on such a request.

> [T]he Rooker-Feldman doctrine . . . generally prevents this court from exercising appellate jurisdiction over state-court decisions. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). The Rooker-Feldman doctrine states that:
>
>> a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.
>
> Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994)).

Castro v. Melchor, Civil No. 07-00558 LEK-BMK, 2012 WL 4092425, at *14 (D. Hawai'i Sept. 14, 2012) (quoting Tejada v. Deutsche Bank Nat'l Trust Co., Civil No. 10-00136 SOM/KSC, 2011 WL 3240276, at *5 (D. Hawai'i July 27, 2011)).

This Court therefore concludes that, to the extent that the same issues in the instant action are also on appeal to the ICA, considerations of comity and the Rooker-Feldman doctrine render any consideration of KKD's claims by this Court both improper and imprudent.

## VI. Plaintiff's Request for Attorneys' Fees and Costs

Plaintiff asserts that KKD had no basis for removal, and requests an award of its fees and costs incurred with respect to the Motion. [Mem. in Supp. of Motion at 22.] Section 1447(c) states, in pertinent part: "An order remanding the case may

require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

> The Supreme Court settled the standard for awarding attorney's fees when remanding a case to state court in <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). The Court held that "the standard for awarding fees should turn on the reasonableness of the removal." <u>Id.</u> at 141, 126 S. Ct. 704. As the Court put it, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." <u>Id.</u>

<u>Lussier v. Dollar Tree Stores, Inc.</u>, 518 F.3d 1062, 1065 (9th Cir. 2008) (alteration in <u>Lussier</u>) (footnote omitted).

Based on this Court's conclusions that KKD's Notice of Removal was untimely and that federal jurisdiction does not exist in this case, the Court finds that KKD lacked an objectively reasonable basis for seeking removal of the instant action. The Court therefore GRANTS the Motion as to Plaintiff's request for its attorneys' fees and costs incurred with respect to the Motion. The Court refers this matter to the magistrate judge to prepare findings and recommendations regarding the amount of the award.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion for Remand, filed July 30, 2013, is HEREBY GRANTED, including Plaintiff's request for attorneys' fees and costs pursuant to 28

U.S.C. § 1447(c), and AOAO's Joinder in the Motion, filed August 20, 2013, is HEREBY GRANTED.  KKD's request for stay is HEREBY DENIED.

The Court DIRECTS Plaintiff to file documentation supporting its request for attorneys' fees and costs with the magistrate judge by **November 12, 2013**.  Any opposition shall be filed by **November 26, 2013**.

This Court HEREBY REMANDS this action to the First Circuit Court.  This Court DIRECTS the Clerk's Office to transmit a certified copy of this order to the clerk of the First Circuit Court.  This district court retains jurisdiction solely for the purposes of determining the amount of the award of removal-related expenses.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 24, 2013.



　/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KE KAILANI PARTNERS, LLC VS. KE KAILANI DEVELOPMENT, LLC, ET AL., ETC.; CIVIL NO. 13-00347 LEK-BMK; ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND GRANTING THE AOAO DEFENDANTS' JOINDER IN: PLAINTIFF KE KAILANI PARTNERS, LLC'S MOTION FOR REMAND**