IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KE KAILANI PARTNERS, LLC, | ) | CIVIL 13-00347 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KE KAILANI DEVELOPMENT, LLC, a Hawaii limited liability company; MICHAEL J. FUCHS, Individually; DIRECTOR OF FINANCE, REAL PROPERTY DIVISION, COUNTY OF HAWAII; KE KAILANI COMMUNITY ASSOCIATION; THE ASSOCIATION OF VILLA OWNERS OF KE KAILANI; MAUNA LANI RESORT ASSOCIATION; JOHN DOES 1-50; JANE DOES 1-50, DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE LIMITED LIABILITY COMPANIES 1-50; DOE ENTITIES 1-50; AND DOE GOVERNMENTAL UNITS 1-50, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER: (1) DENYING KKD'S MOTION FOR RECONSIDERATION OF THIS COURT'S OCTOBER 24, 2013 ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND GRANTING AOAO'S JOINDER IN PLAINTIFF KE KAILANI PARTNERS, LLC'S MOTION FOR REMAND; AND (2) GRANTING AOAO'S JOINDER IN: PLAINTIFF KE KAILANI PARTNERS, LLC'S OPPOSITION TO DEFENDANTS' KE KAILANI DEVELOPMENT LLC AND MICHAEL FUCHS' MOTION FOR RECONSIDERATION**

On November 7, 2013, Ke Kailani Development LLC's ("Ke Kailani") and Michael Fuchs' ("Fuchs," collectively, "KKD") filed their Motion for Reconsideration of this Court's October 24, 2013 Order Granting Plaintiff's Motion for Remand and Granting AOAO's Joinder in Plaintiff Ke Kailani Partners, LLC's Motion for Remand

("Motion"). [Dkt. no. 27.] Plaintiff Ke Kailani Partners, LCC ("Plaintiff") filed its opposition to the Motion on November 21, 2013 ("Opposition"). [Dkt. no. 31.] On November 25, 2013, Mauna Lani Resort Association, Ke Kailani Community Association, and the Association of Villa Owners of Ke Kailani (collectively, "AOAO") filed their joinder in the Opposition ("Joinder"). [Dkt. no. 32.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`I ("Local Rules"). After careful consideration of the Motion, supporting and opposing memorandum, and the relevant legal authority, KKD's Motion is HEREBY DENIED, and AOAO's Joinder is HEREBY GRANTED, for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background in this case is set forth in this Court's October 24, 2013 Order Granting Plaintiff's Motion for Remand and Granting AOAO's Joinder in: Plaintiff Ke Kailani Partners, LLC's Motion for Remand ("10/24/13 Order"). 2013 WL 5773118. In the 10/24/13 Order, this Court concluded that, *inter alia*, it lacked subject matter jurisdiction over the instant action. Id. at *5. The Court therefore granted Plaintiff's Motion for Remand, filed July 30, 2013, [dkt. no. 5,] including Plaintiff's request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). Id. at *6-7.

KKD's Motion seeks reconsideration of the 10/24/13 Order on the ground that it is based upon manifest errors of law. [Motion at 4.]

## DISCUSSION

### I. AOAO's Joinder

As an initial matter, the Court will first consider AOAO's Joinder, filed pursuant to Fed. R. Civ. P. 7(b) and Local Rule 7.9. [Joinder at 4.] Local Rule 7.9 states, in pertinent part:

> Except with leave of court based on good cause, any substantive joinder in a motion or opposition must be filed and served within seven (7) days of the filing of the motion or opposition joined in. "Substantive joinder" means a joinder based on a memorandum supplementing the motion or opposition joined in. If a party seeks the same relief sought by movant for himself, herself, or itself, the joinder shall clearly state that it seeks such relief so that it is clear that the joinder does not simply seek relief for the original movant. A joinder of simple agreement may be filed at any time.

Insofar as AOAO merely stated agreement with Plaintiff that the Court should deny KKD's Motion, this Court GRANTS AOAO's Joinder.

## II. **KKD's Motion**

In order to obtain reconsideration of the 10/24/13 Order, KKD's Motion "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`I 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`I July 12, 2011) (citations omitted). This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`I 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)).

"Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

Plaintiff asserts that the Court committed manifest errors in finding:

> (1) that [Roth v. CHA Hollywood Medical Center, L.P., 720 F.3d 1121 (9th Cir. 2013),] was not applicable, (2) that the relevant definition included in the Federal Small Business Act was not pled on the face of Plaintiff's Complaint, (3) that a stay pending appeal was not appropriate because an appeal was barred by federal statute, (4) that this Court was precluded from considering ethical issues concerning the State Foreclosure Judge, and (5) that an award of fees and costs in favor of the Plaintiff was justified as there was no reasonable basis for removal.

[Motion at 4.]

### A.  **Reconsideration of Remand Order**

At the outset, the Court notes that 28 U.S.C. § 1447 provides, in relevant part:

> (c) . . .  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .
>
> (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except than an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

"'[T]his language has been universally construed to preclude no only appellate review but also reconsideration by the district court.'" In re Hawaii State Asbestos Cases, Civil No. 11-00400 LEK-KSC, 2011 WL 4749451, at *2 (D. Hawai`I Oct. 6, 2011) (quoting Seedman v. U.S. Dist. Court for the Cent. Dist. Of Cal.,

837 F.2d 413, 414 (9th Cir. 1988)).  Furthermore, "'[w]here the order is based on one of the enumerated grounds, review is unavailable no matter how plain the legal error in ordering the remand.'"  Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 934 (9th Cir. 2010) (alteration in Atl. Nat'l Trust) (some citations omitted) (quoting Briscoe v. Bell, 432 U.S. 404, 413 n.13, 97 S. Ct. 2428, 53 L. Ed. 2d 439 (1977)).

In the 10/24/13 Order, this Court concluded that it lacked subject matter jurisdiction over the instant action.  Insofar as the lack of subject matter jurisdiction is an enumerated ground set forth in § 1447(c), 2013 WL 5773118, at *5, KKD's argument that reconsideration is warranted to correct manifest errors of law necessarily fails.  The Motion is therefore DENIED to the extent that it seeks reconsideration of the findings in the 10/24/13 Order that led to this Court's conclusion that the case should be remanded for lack of federal subject matter jurisdiction.

### B.   Reconsideration of Award of Attorneys' Fees and Costs

The Motion also requests for reconsideration of this Court's award of attorneys' fees and costs to Plaintiff under § 1447(c).  The Ninth Circuit has stated:

> [A] party can appeal an award of sanctions or fees on the ground that the removal was neither frivolous nor filed for an improper purpose.  A ruling on the propriety of an award of sanctions or fees is not the same thing as a direct ruling on the propriety of a remand.

6

Gibson v. Chrysler Corp., 261 F.3d 927 (9th Cir. 2001) (citing Lemos v. Fencl, 828 F.2d 616, 619 (9th Cir. 1987); Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 775 (9th Cir. 1990)); see also Moore v. Permanente Med. Grp., Inc., 981 F.2d 443, 445 (9th Cir. 1992) ("[I]t is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits.").

      The Court concludes that, although it lacked subject matter jurisdiction over the instant action, it retains jurisdiction over the matter of determining the amount of the award of Plaintiff's removal-related expenses.  Insofar as the Court has yet to make this determination, the Court further concludes that KKD's Motion is premature with respect to this issue.  Thus, KKD's Motion for reconsideration of the award for attorneys' fees and costs is HEREBY DENIED WITHOUT PREJUDICE.  KKD may re-file a motion for reconsideration of the Court's award of attorneys' fees and costs after it issues an order as to the amount of the award.

## CONCLUSION

      On the basis of the foregoing, KKD's Motion for Reconsideration of this Court's October 24, 2013 Order Granting Plaintiff's Motion for Remand and Granting AOAO's Joinder in Plaintiff Ke Kailani Partners, LLC's Motion for Remand, filed

November 7, 2013, is HEREBY DENIED as to KKD's request for reconsideration of this Court's decision to remand the instant action.  With respect to KKD's request for reconsideration of this Court's award of attorneys' fees and costs to Plaintiff, the Motion is HEREBY DENIED WITHOUT PREJUDICE.  KKD may re-file a motion for consideration of the Court's award of attorneys' fees and costs after the Court issues an order as to the amount of the award.  Furthermore, AOAO's Joinder in the Opposition, filed November 25, 2013, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 26, 2013.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**KE KAILANI PARTNERS, LLC VS. KE KAILANI DEVELOPMENT COMPANY, LLC, ET AL; CIVIL NO. 13-00347 LEK-BMK; ORDER: (1) DENYING KKD'S MOTION FOR RECONSIDERATION OF THIS COURT'S OCTOBER 24, 2013 ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND GRANTING AOAO'S JOINDER IN PLAINTIFF KE KAILANI PARTNERS, LLC'S MOTION FOR REMAND; AND (2) GRANTING AOAO'S JOINDER IN: PLAINTIFF KE KAILANI PARTNERS, LLC'S OPPOSITION TO DEFENDANTS' KE KALANI DEVELOPMENT LLC AND MICHAEL FUCHS' MOTION FOR RECONSIDERATION**