IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KE KAILANI PARTNERS, LLC,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br>KE KAILANI DEVELOPMENT,  )<br>LLC, ET AL,  )<br>  )<br>  Defendants.  )<br>_____ ) | Civ. No. 13-00347 LEK-BMK<br><br>FINDINGS AND<br>RECOMMENDATION TO GRANT<br>IN PART AND DENY IN PART<br>PLAINTIFF'S ATTORNEYS' FEES<br>AND COSTS |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART PLAINTIFF'S ATTORNEYS' FEES AND COSTS

Before the Court is Plaintiff Ke Kailani Partners, LLC's ("KKP") Submission Regarding Award of Attorneys' Fees and Costs. (Doc. 28.) The Court finds and recommends that Plaintiff's submission be GRANTED IN PART AND DENIED IN PART. The Court recommends that KKP be awarded attorneys' fees in the amount of $17,475.89.

FACTUAL BACKGROUND

On July 7, 2013, KKP filed a Motion to Remand this case on the grounds that removal was improper, and requested "costs and fees be awarded in connection with this motion." (Docs. 5, 5-1) In September 2013, a little over three

weeks before the scheduled hearing on KKP's Motion for Remand, KKP filed a Motion for Rule 11 Sanctions against Gary Dubin, counsel for Defendants Ke Kailani Development, LLC ("KKD"), et al. (Doc. 18.) Like the Motion for Remand, this Motion alleged that the notice of removal was improper, and sought sanctions, "at the least, requiring Dubin to pay the attorney's fees and costs Plaintiff incurred seeking remand back to State Court . . ., and the attorney's fees and costs Plaintiff incurred enforcing Rule 11 through having to file this Motion." (Doc. 18 at 7.)

On October 24, 2013, District Judge Leslie E. Kobayashi issued an Order Granting KKP's Motion for Remand, and remanded this case to the First Circuit Court of Hawaii.[1]  (Doc. 23.)  In her Order, Judge Kobayashi held that Defendants' Notice of Removal was untimely, and that KKD "lacked an objectively reasonable basis for seeking removal." (Doc. 23 at 15.)  In addition, Judge Kobayashi granted KKP's request for fees and costs pursuant to 28 U.S.C. § 1447(c), which provides for an award of fees and costs where the removing party lacks an objectively reasonable basis for seeking removal. (Doc. 23 at 14-16.)

---

[1] Defendants filed a Motion for Reconsideration of Judge Kobayashi's Order Granting Plaintiff's Motion for Remand. (Doc. 23.) Additionally, Defendants filed a Notice of Appeal from Judge Kobayashi's Order Granting Plaintiff's Motion for Remand and Fees. (Doc. 33.) Judge Kobayashi issued an Order Denying Defendants' Motion for Reconsideration. (Doc. 37.) Defendants' appeal is still pending.

Specifically, Judge Kobayashi's order stated, "[t]he Court therefore GRANTS the Motion as to Plaintiff's request for attorneys' fees and costs incurred with respect to the Motion." (Doc. 23 at 15.) Judge Kobayashi then directed KKP to file documentation supporting its request for attorneys' fees and costs with this Court by November 12, 2013. (Id. at 16.) On the same day that Judge Kobayashi's Order Granting KKP's Motion for Remand was filed, this Court issued an Order Terminating KKP's Motion for Sanctions, "[i]n light of the Order Granting Plaintiff's Motion for Remand." (Doc. 25.)

KKP timely submitted the present request, seeking attorneys' "fees and tax it incurred as a result of improper removal in the amount of $34,826.12." (Doc. 28 at 4.) KKP's submission requests fees for three discrete areas of work: 1) removal and KKP's Motion for Remand ($18,895.62); 2) KKP's Motion for Rule 11 Sanctions filed in reaction to KKD's removal ($10,805.24); and 3) the preparation of the their Fee Submission ($5,125.26). (Doc. 28 at 11-12.)

## DISCUSSION

The calculation of reasonable attorneys' fees is based on the traditional lodestar calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Courts must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. Id. "The party seeking an

award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id.

The following charts represent the lodestar amount requested by KKP, broken down by attorney and hours spent per task:

**Motion for Remand**

| | | |
|---|---|---|
| Sharon Lovejoy ($425/hr.) | 27.2 | $11,560.00 |
| Brandi Buehn Balanda ($230/hr.) | 21.6 | $4,968.00 |
| Chyna Stone ($175/hr.) | 9.2 | $1,610.00 |
| Subtotals | 58 | $18,138.00 |
| | GET | $756.72 |
| | **Total** | **$18,894.72** |

**Rule 11 Motion**

| | | |
|---|---|---|
| Sharon Lovejoy ($425/hr.) | 6.6 | $2,805.00 |
| Brandi Buehn Balanda ($230/hr.) | 32.9 | $7,567.00 |
| Subtotals | 39.5 | $10,372.00 |
| | GET | $432.72 |
| | **Total** | **$10,804.72** |

**Submission of Fees & Costs**

| | | |
|---|---|---|
| Sharon Lovejoy ($425/hr.) | 5.4 | $2,295.00 |
| Lisa Evans ($175/hr.) | 15 | $2,625.00 |
| Subtotals | 20.4 | $4,920.00 |
| | GET | $205.26 |
| | **Total** | **$5,125.26** |
| | **Total** | **$34,824.70** [2] |

---

[2] This billing information is drawn from KKP's billing summaries. (Doc. 28-3.) Note that this total varies slightly from the amount requested in the text of KKP's submission, $34,826.12. (Doc. 28 at 4.) It appears that an error in the text of KKP's Submission arises from

Defendants oppose KKP's Fee Submission on three grounds. First, Defendants argue that the entire submission should be rejected for failure to adhere to the formatting and filing requirements of Local Rule 54.3(d)(1) and Local Rule 54.3(b).  Second, Defendants object to the scope of the submission, arguing that fees incurred for KKP's Rule 11 Motion and fees for work preparing the submission should be denied.  Third, Defendants contest the reasonableness of KKP's request for fees incurred in its Motion to Remand.   The Court addresses each of these arguments in turn.

    A.    <u>Form of the Fee Submission</u>

Local Rule 54.3(d)(1) provides that within a memorandum in support of a motion for fees, work performed shall be organized by eight phases: case development; pleadings; interrogatories; depositions; motions practice; attending hearings; trial preparation; and post-trial motions.  Rule 54.3(b) provides that the court will not consider a motion for fees without a concomitant statement of consultation documenting the good faith effort of counsel to resolve fees and costs issues outside of court.  KKP's submission is not organized by phases and lacks a statement of consultation.

---

transposing numbers in the GET due in connection with the Motion for Remand.   (Doc. 28 at 11.)

In the first instance, the Fee Submission presently before the court is not a motion for fees covered by Local Rule 54.3. Rather, it is a submission in support of a Motion for Fees already granted by Judge Kobayashi's order remanding this case. Accordingly the Court finds that neither Rule 54.3(d)(1) or (b) are strictly applicable here. Moreover, the submission covers a narrow range of work for two motions and the submission itself. The Court finds it would be nonsensical to require KKP's submission to adhere to irrelevant formatting requirements based upon non-existent phases of litigation. Additionally, the purpose of consultation is to "preserve judicial and party resources by allowing the parties to reach an agreement, if any, on the request for fees." Botelho v. Hawaii, CV 06-00096 DAE-BMK, 2009 WL 1838336 (D. Haw. June 18, 2009). Under the circumstances of this case, because KKP's Motion for Fees has already been litigated in KKP's Motion to Remand, and granted in principle by Judge Kobayashi, the Court finds a statement of consultation is not required. See Robinson v. Plourde, 717 F. Supp. 2d 1092, 1095 n.1 (D. Haw. 2010) (excusing non-compliance with Rule 54.3(b) where fee motion was filed as agreed during settlement). Accordingly, the Court finds that the form and content of KKP's submission is generally acceptable.

B.   Scope of Fee Award

KKP's submission seeks fees associated with its Motion to Remand, Motion for Sanctions, and the Fee Submission itself.  The fees incurred in relation to KKP's Motion to Remand are clearly compensable under 28 U.S.C. § 1447(c), and pursuant to Judge Kobayashi's order.  Defendants contend, however, that fees and costs incurred in connection with KKP's Motion for Rule 11 Sanctions and the submission of KKP's fee and cost request should not be allowed.   As discussed below, the Court finds that an award of fees incurred in filing the Motion for Sanctions is improper, but that the award of fees for the Fee Submission is proper.

i.   Rule 11 Motion

Defendants assert that KKP is not entitled to costs and fees for their Rule 11 Motion because the Motion was never heard by the court and KKP was therefore not the prevailing party.  28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."   KKP asserts that fees incurred in association with the preparation and filing of a Motion for Rule 11 Sanctions, although no hearing on the motion was ever held,  were "reasonably" incurred as a result of removal.  KKP argues that Defendants' "improper removal" action was designed to "forestall Plaintiff from collecting on its judgment" in

excess of $21 million.  KKP contends that, given the amount of the judgment, an award of fees and costs directly associated with seeking remand would have been ineffective disincentive for Defendants' attempt to delay via removal.  Accordingly, KKP asserts that the Rule 11 Motion was a reasonable, additional action aimed at deterring the Defendants' action.

KKP's Rule 11 Motion sought "fees and costs Plaintiff incurred seeking remand back to State Court . . ., and the attorney's fees and costs Plaintiff incurred enforcing Rule 11 through having to file this Motion."  Because KKP had already moved for costs and fees for remand in its Motion for Remand, the remedy sought in the Rule 11 Motion was largely duplicative of the remedy already sought in KKP's Motion for Remand.  Notably, KKP filed its Motion for Sanctions only seventeen days before the hearing on its Motion to Remand, where the issue of fees and costs for remand would be decided.

Additionally, Judge Kobayashi's order granting fees and costs to KKP expressly states that "fees and costs incurred with respect to the Motion [for Remand]" are granted.  The order, which also expressly directed KKP to file the submission for costs and fees now before the court, makes no mention of KKP's Rule 11 Motion.  Although KKP's Rule 11 Motion may have been motivated by Defendants' removal, it was not "incurred as a result of removal" and is outside the

scope of Judge Kobayashi's order.  Accordingly, the Court finds that KKP's request for fees incurred in filing it Rule 11 Motion should be DENIED.

        ii.     Fee Submission

As to the costs of preparing the Fee Submission, Defendants argue that fees for work applying for fees is not allowed in this court.  In support, Defendants point out that the cases cited by KKP found such awards appropriate under statutes other than 28 U.S.C. § 1447(c).  This observation does not, however, create a presumption that such an award is inappropriate in the present case.

In In re Nucorp Energy, Inc., 764 F.2d 655, 659-60 (9th Cir. 1985), the Ninth Circuit held that "[i]n statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."  See also Southeast Legal Defense Group v. Adams, 657 F.2d 1118, 1126 (9th Cir. 1981) ("it would be inconsistent with the purpose" of a fee statute "to dilute a fees award by refusing to compensate the attorney for time reasonably spent in establishing . . . his rightful claim to the fee."); In re Southern California Sunbelt Developer's, Inc., 608 F.3d 456, 464 (9th Cir. 2010) (awarding fee pursuant to the "general rule" that "[i]n statutory fee cases, . . . time spent in establishing the entitlement to and amount of the fee is compensable.").

Accordingly, this Court finds that KKP's request for fees incurred in preparing its Fee Submission should be granted. Having established which areas of work are eligible for a fee award, the Court turns to the reasonableness of KKP's request.

### C. Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Webb v. Ada Cnty., 285 F.3d 829, 840 (9th Cir. 2002); see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). To support a request for fees, in addition to their own statements, attorneys are required to submit additional evidence that the rates charged are reasonable. See Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987).

KKP submitted multiple declarations attesting to the reasonableness of the rates charged by counsel in its lodestar request. Additionally, KKP contends that these rates are representative of prevailing market rates according to the List of Law Firms published in Pacific Business News in 2013. (Doc. 28-1 at ¶10; Exh.

3.)  Defendants only challenge the reasonableness of the $175 per hour rate for student associate Chyna Stone.

Based upon this Court's familiarity with the prevailing rates in the community, as well as with prior attorneys' fee awards in this District, the Court finds that the rate for student associate Chyna Stone should be reduced to $100. Because Defendants do not contest the remaining rates for KKP's counsel, the Court finds that these rates are reasonable in this instance.

### D. Reasonable Time Expended

In addition to establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are "associated with the relief requested and are reasonably necessary to achieve the results obtained." Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993). A court must guard against awarding fees and costs that are excessive, and must determine which fees and costs were self-imposed and avoidable. See id. at 637.

Where fees are excessive, courts have "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Ko Olina Dev., CV. 09-00272 DAE-LEK, at *11. "Time expended on work

11

deemed 'excessive, redundant, or otherwise unnecessary' will not be compensated." Id.

KPP requests compensation for 58 hours of work in connection with its Motion to Remand and for 20.4 hours in connection with its Fee Submission. Work incurred in connection with remand includes work related to required corporate disclosures, review of removal paper, legal research, drafting the motion, reviewing opposition, preparing and drafting reply, and attending the hearing. KKP concedes that 58 hours is "a long time," but contends that the time spent was nonetheless appropriate given the "novel legal theories" propounded by Defendants, and the more than $20 million judgment pending in the case.  As to the 20.4 hours requested for the Fee Submission, KKP represents that this is a reduced request from the 35.2 hours actually spent drafting the submission reviewing records, creating exhibits, and conducting research.

Having reviewed the record in this case and KKP's itemized request for fees, the Court finds that the amount of time billed for these tasks is excessive and should be reduced by twenty-five percent.  In light of this reduction and the foregoing discussion, the Court finds that KKP should be awarded attorneys' fees as listed in the following chart.

**Motion for Remand**

| | | |
|---|---|---|
| Sharon Lovejoy ($425/hr.) | 27.2 | $11,560.00 |
| Brandi Buehn Balanda ($230/hr.) | 21.6 | $4,968.00 |
| Chyna Stone ($100) | 9.2 | $920.00 |
| Subtotals | 58 | $17,448.00 |
| | GET | $727.93 |
| | **Total** | **$18,175.93** |

**Submission Fees & Costs**

| | | |
|---|---|---|
| Sharon Lovejoy ($425/hr.) | 5.4 | $2,295.00 |
| Lisa Evans ($175/hr.) | 15 | $2,625.00 |
| Subtotals | 20.4 | $4,920.00 |
| | GET | $205.26 |
| | **Total** | **$5,125.26** |

|  |  |
|---|---|
| Subotal | $23,301.19 |
| - 25% | $5,825.30 |
| **Total** | **$17,475.89** |

# CONCLUSION

For the foregoing reasons, the Court finds and recommends that Plaintiff's Submission Regarding Award of Attorneys' Fees and Costs be GRANTED IN PART AND DENIED IN PART. The Court finds and recommends that KKP's request for fees associated with its Motion for Rule 11 Sanctions by DENIED, and that KKP's request for fees incurred in its Motion to Remand and in preparing its Fee Submission be GRANTED in the amount of $17,475.89.

DATED:  Honolulu, Hawaii, December 18, 2013.

IT IS SO FOUND AND RECOMMENDED.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Ke Kailani Partners, LLC v. Ke Kailaini Development LLC, et al, Civ. No. 13-00347 LEK-BMK; FINDINGS AND RECOMMENDATION TO  GRANT IN PART AND DENY IN PART PLAINTIFF'S ATTORNEYS' FEES AND COSTS.