IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

KE KAILANI PARTNERS, LLC,          )      CIVIL 13-00347 LEK-BMK
                                   )
            Plaintiff,             )
                                   )
      vs.                          )
                                   )
KE KAILANI DEVELOPMENT, LLC,       )
a Hawaii limited liability         )
company; MICHAEL J. FUCHS,         )
Individually; DIRECTOR OF          )
FINANCE, REAL PROPERTY             )
DIVISION, COUNTY OF HAWAII;        )
KE KAILANI COMMUNITY               )
ASSOCIATION; THE ASSOCIATION       )
OF VILLA OWNERS OF KE              )
KAILANI; MAUNA LANI RESORT         )
ASSOCIATION; JOHN DOES 1-50;       )
JANE DOES 1-50, DOE                )
PARTNERSHIPS 1-50; DOE             )
CORPORATIONS 1-50; DOE             )
LIMITED LIABILITY COMPANIES        )
1-50; DOE ENTITIES 1-50; AND       )
DOE GOVERNMENTAL UNITS 1-50,       )
                                   )
            Defendants.            )
_____   )

**ORDER DENYING KE KAILANI DEVELOPMENT LLC AND MICHAEL J. FUCHS'
OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION
TO GRANT IN PART AND DENY IN PART PLAINTIFF'S ATTORNEYS' FEES AND
COSTS AND ORDER ADOPTING THE FINDINGS AND RECOMMENDATION**

On December 18, 2013, the magistrate judge filed his

Findings and Recommendation to Grant in Part and Deny in Part

Plaintiff's Attorneys' Fees and Costs ("F&R"). [Dkt. no. 43.]

On January 2, 2014, Defendants Ke Kailani Development LLC and

Michael J. Fuchs (collectively, "KKD") filed their objections to

the F&R ("Objections"). [Dkt. no. 44.] On January 21, 2014,

Plaintiff Ke Kailani Partners, LLC ("KKP" or "Plaintiff") filed

its response to KKD's Objections ("Response"), and on February 7, 2014, KKD filed its reply to the Response ("Reply"). [Dkt. nos. 46, 47.] The Court finds this matter suitable for disposition without a hearing pursuant to Rules LR7.2(e) and LR74.2 of the Local Rules of Practice of the United States District Court for the District of Hawai`I ("Local Rules"). After careful consideration of the Objections, supporting and opposing documents, and the relevant legal authority, KKD's Objections are HEREBY DENIED, and the magistrate judge's F&R is HEREBY ADOPTED for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background in this case is set forth in this Court's October 24, 2013 Order Granting Plaintiff's Motion for Remand ("10/24/13 Order"). [Dkt. no. 23.[1]] In the 10/24/13 Order, this Court concluded that, *inter alia*, it lacked subject matter jurisdiction over the instant action. 2013 WL 5773118, at *5. The Court therefore granted Plaintiff's Motion for Remand, filed July 30, 2013, [dkt. no. 5,] and, finding that KKD "lacked an objectively reasonable basis for seeking removal[,]" granted Plaintiff's request for attorneys' fees and costs. Id. at *7.[2] The Court directed Plaintiff to

---

[1] The 10/24/13 Order is available at 2013 WL 5773118.

[2] Upon KKD's motion for reconsideration, [filed 11/7/13 (dkt. no. 27),] on November 27, 2013, this Court concluded that,
(continued...)

"file documentation supporting its request for attorneys' fees and costs with the magistrate judge[.]"  <u>Id.</u>

## I.  <u>Fee Submission and F&R</u>

Plaintiff submitted documentation supporting its requested award on November 11, 2013, including for work: (1) briefing the remand motion; (2) briefing a motion for Rule 11 sanctions alleging KKD had improper purposes in removing the case to this Court ("Rule 11 Motion"); [dkt. no. 18;[3]] and (3) preparing the fees and costs submission, totaling an award of $34,826.12.  [Dkt. no. 28.]

In the F&R, the magistrate judge concluded that the "form and content of [Plaintiff's] submission [was] generally acceptable."  [F&R at 6.]  However, he reduced the recommended award for three reasons, all asserted by KKD.  First, he concluded that recovery for the Rule 11 Motion was improper since, under 28 U.S.C. § 1447(c), the fee was not "incurred as a result of the removal[.]"  [<u>Id.</u> at 8-9.]  Second, while finding that the other attorneys' rates were reasonable, the magistrate agreed with KKD that the hourly rate of a student associate

---

[2](...continued)
pursuant to 28 U.S.C. § 1447, its remand order could not be appealed since the Court lacked subject matter jurisdiction, and reconsideration of fees was not ripe since the Court had not yet issued an order as to the amount of the award ("Reconsideration Order").  [Dkt. no. 37 (available at 2013 WL 6210606).]

[3] The magistrate judge issued an order terminating the sanctions motion on October 24, 2013.  [Dkt. no. 25.]

should be reduced because it was not commensurate with the prevailing rates in the community and prior fee awards in this district.  [Id. at 11.]  Third, he reduced the total time billed by Plaintiff's attorneys by twenty-five percent since he found that the itemized request was "excessive."  [Id. at 12.]  Thus the magistrate judge recommended a fee and cost award of $17,475.89.  [Id. at 13.]

## II.  **Objections**

KKD first argues that the Court's order, which found that KKD had no objectively reasonable basis for removal, is "highly unfair."  [Objections at 6.]  This is not actually an objection to the F&R, but rather an objection to the award ruling in the Court's 10/24/13 Order.  KKD acknowledges this, but argues that "in the interests of judicial economy" the Court should consider its motion for reconsideration of the fee award now with its Objections.  [Id. at 6.]

The other two objections focus on the form of Plaintiff's fee submission.  KKD argues that Plaintiff disregarded Local Rule 54.3(a), which requires a statement of consultation between the parties before a fee submission, and Local Rule 54.3(d)(1), which specifies that the fee submission be divided by litigation phases.  [Id. at 7-10.]  In the F&R, the magistrate judge expressly found that the submission was not "covered by Local Rule 54.3" and reasoned that, under the

4

circumstances, enforcing the formatting requirement would be "nonsensical," since the work all dealt with a single litigation phase, and consultation was not required because the award was court-ordered.  [F&R at 6.]

Finally, KKD takes this opportunity to argue that the attorneys' fees and costs issue should be stayed until KKD's appeal of the 10/24/13 Order to the Ninth Circuit Court of Appeals is decided, since an award by this Court could conflict with a contrary appellate decision regarding remand.  [Objections at 9.]

In its Response, Plaintiff argues that KKD's request for reconsideration of the fee award is not yet ripe.  It quotes the Reconsideration Order on this point:

> Thus, KKD's Motion for reconsideration of the award for attorneys' fees and costs is HEREBY DENIED WITHOUT PREJUDICE.  KKD may re-file a motion for reconsideration of the Court's award of attorneys' fees and costs after it issues an order as to the amount of the award.

[Response at 2 (quoting Reconsideration Order, 2013 WL 6210606, at *3).]  KKD acknowledges this point as well, quoting the same language from the 10/24/13 Order.  [Objections at 6.]  Further, Plaintiff argues it did not need to comply with Local Rule 54.3, that consultation would have been futile, and that its fee submission by task was sufficient.  [Response at 3-4.]  Plaintiff does not address KKD's argument for a stay.

In its Reply, KKD does not address Plaintiff's arguments, but rather repeats its own and argues that it is ironic that Plaintiff accuses KKD of violating the removal rules while at the same time violating "virtually all of the rules of this Court governing fee and cost applications[.]"  [Reply at 4.] KKD also argues at length that Plaintiff was wrong to ask the Court to deny KKD's stay when in fact Plaintiff did not mention the stay in its Response at all.  [Id. at 5-7.]

## DISCUSSION

Any party may file objections to a magistrate judge's findings and recommendation regarding a case dispositive matter. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b); Local Rule LR74.2. A post- judgment motion for attorneys' fees is treated "'as if it were a dispositive pretrial matter[.]'"  See JJCO, Inc. v. Isuzu Motors Am., Inc., CIV 08-00419 SOM/LEK, 2010 WL 4272980, at *2 (D. Hawai`I Oct. 21, 2010) (quoting Fed. R. Civ. P. 54(d)(2)(D)).

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. . . .

§ 636(b)(1).  Pursuant to Local Rule 74.2, the objecting party must "specifically identify the portions of the order, findings, or recommendations to which objection is made and the basis for such objections."

6

Plaintiff is correct that KKD's motion to reconsider the grant of the fees and costs award is not yet ripe. [Response at 1-2.]  The Court's Reconsideration Order clearly stated that KKD could "re-file a motion for reconsideration of the Court's award of attorneys' fees and costs **after** it issues an order as to the amount of the award."  2013 WL 6210606, at *3 (emphasis added).  Thus, reconsideration of the award now is contrary to this Court's order and to the Local Rules.  See Local Rule LR74.2 (requiring that objections be to specific portions of the magistrate's findings).  Further, by ruling now, this Court would preclude Plaintiff from fully opposing the motion for reconsideration, since Plaintiff correctly did not substantively oppose reconsideration in its Response.

Similarly, the Court rejects KKD's apparent attempt at a second reconsideration of its denial of KKD's stay pending appeal.  That too is an improper objection, since it was not decided by the magistrate, and the Court has already twice rejected the stay.  See 10/24/13 Order, 2013 WL 5773118, at *6; Reconsideration Order, 2013 WL 6210606, at *2-3.

Regarding the properly raised objections, the Court rejects KKD's objections to Plaintiff's fees and costs submission.  Local Rule 54.3, titled "Motions For Attorneys' Fees And Related Non-taxable Expenses," does not apply to court-ordered submissions.  For example, Rule 54.3(b)(1) states in

pertinent part:

> The court will not consider a **motion** for attorneys'
> fees and related non-taxable expenses until **moving
> counsel** advises the court in writing that, after
> consultation, or good faith efforts to consult, the
> parties are unable to reach an agreement with regard to
> the fee award or that the **moving counsel** has made a
> good faith effort, but has been unable, to arrange such
> a conference. . . .

(Emphases added.)  The procedure was created for efficiency, to
avoid unnecessary motions for attorneys' fees, so it has no
applicability here.  [F&R at 6 (quoting <u>Botelho v. Hawaii</u>, CV 06-
00096 DAE-BMK, 2009 WL 1838336 (D. Haw. June 18, 2009)).]  In any
event, as Plaintiff argued and the magistrate judge agreed,
consultation here would be unnecessary and futile.  [Response at
3; F&R at 6.]

Likewise, formatting the fees and costs submission
according to litigation phases is not required by the Local Rule
and makes little sense under the circumstances.  [F&R at 6.]  The
magistrate judge understood Plaintiff's submission, and made
reasonable adjustments where necessary.  The Court therefore
DENIES KKD's Objections to the F&R.

<u>**CONCLUSION**</u>

On the basis of the foregoing, the Court HEREBY DENIES
KKD's Objections, filed January 2, 2014, and ADOPTS the
magistrate judge's Findings and Recommendation to Grant in Part
and Deny in Part Plaintiff's Attorneys' Fees and Costs.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 28, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

__KE KAILANI PARTNERS, LLC VS. KE KAILANI DEVELOPMENT, LLC, ET AL;
CIVIL 13-00347 LEK-BMK; ORDER DENYING KE KAILANI DEVELOPMENT LLC
AND MICHAEL J. FUCHS' OBJECTIONS TO THE MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFF'S ATTORNEYS' FEES AND COSTS AND ORDER ADOPTING THE
FINDINGS AND RECOMMENDATION__